1

2

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

3

4

5

6

7

8

| | |
|---|---|
| TARA MIKENAS, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| LAS VEGAS METROPOLITAN POLICE | ) |
| DEP'T., | ) |
| | ) |
| Defendant. | ) |

Case No.: 2:23-cv-00987-GMN-DJA

**AMENDED ORDER ADOPTING R&R**

9
10
11
12
13
14

The Court entered its Order, (ECF No. 11), adopting United States Magistrate Judge Daniel J. Albregts's Report and Recommendation (R&R), (ECF No. 10), which recommended the Court dismiss Plaintiff's case without prejudice.  Plaintiff had until April 26, 2024, to file an Objection to the R&R. (*See* R&R, ECF No. 10) (noting 14-day deadline) (entered on April 12, 2024).  When the Court adopted the R&R on April 30, 2024, no objections had been filed, and the time to do so had passed.

15
16
17
18
19
20
21
22
23
24

After the Court docketed its Order adopting the R&R, an Objection, (ECF No. 12), to the R&R was docketed.  The Objection, dated April 24, 2024, was emailed to the Court on April 29, 2024, and docketed on May 1, 2024.  Even though the Objection was dated within the timeframe allotted for Plaintiff to file an objection, because Plaintiff sent her Objection to the Court after April 26, 2024, her Objection was untimely.  Moreover, Plaintiff was not authorized to file documents electronically. *See* D. Nev. LR IC 2-1(b); (*see also* Pl.'s Consent for Electronic Services of Documents, ECF No. 2) ("I understand that consenting to service by email does not authorize me to file my documents electronically.").  The Court will nonetheless consider Plaintiff's untimely and improperly filed objection in light of her *pro se* status and amends its Order as follows.

25

A party may file specific written objections to the findings and recommendations of a

United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. *Id*.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

Here, Magistrate Judge Albregts recommends dismissing this case because Plaintiff failed to file a complete application to proceed *in forma pauperis* or pay the filing fee despite multiple opportunities to do so.  Plaintiff's Objection states that she "applied for a filing fee waiver and was denied without considering [her] real need for assistance." (Obj., ECF No. 11). The Magistrate Judge denied Plaintiff's applications for leave to proceed *in forma pauperis* because she did not submit a complete application.  The Magistrate Judge explained the deficiencies and granted Plaintiff additional time to file a complete application three times. (Orders denying IFP applications, ECF Nos. 4, 7, 9).  Nothing in Plaintiff's Objection identifies why she was unable to submit a complete application.  Reviewing the R&R *de novo*, the Court agrees with Magistrate Judge Albregts's recommendation.[1]

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 10), is **ADOPTED in full**.

**IT IS FURTHER ORDERED** that Plaintiff's case is **DISMISSED without prejudice**.

Dated this __1__ day of May, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[1] Plaintiff is advised that her case was dismissed without prejudice, meaning she may re-file her claims if she can pay the filing fee or submit a complete application for leave to proceed *in forma pauperis* and her claims are not otherwise barred.